| | |
|---|---|
| **MAURLANNA BRAXTON**<br>**836 Bonifant Street**<br>**Silver Spring, Maryland 20910,** | |
| **and** | |
| **BRITTANY SCOTT**<br>**3936 Glenhurst Road**<br>**Dundalk, MD 21222,** | |
| **and** | |
| **STEPHANIE GAMBLE**<br>**3112 Evergreen Avenue**<br>**Baltimore, MD 21214,** | **Case No.:**   **18-cv-1946-DKC** |
| **Plaintiffs,** | |
| **vs.** | |
| **WILLIAM SHEPPARD**<br>**416 East Baltimore Street**<br>**Baltimore, MD 21202,** | |
| **and** | |
| **KENNETH JACKSON**<br>**612 Otter Creek Road**<br>**Edgewood, MD 21040,** | |
| **and** | |
| **DIONE RODMAN,**<br>**2810 Denham Circle**<br>**Baltimore, MD 21225,** | |
| **Defendants.** | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Maurlanna Braxton, Brittany Scott, and Stephanie Gamble herein bring this

Complaint against Defendants William Sheppard, Kenneth Jackson, and Dione Rodman for

Retaliation in violation of the U.S. Fair Labor Standards Act (FLSA), Retaliation under the Maryland Wage and Hour Law (MWHL), Common Law Abuse of Process, Common Law Malicious Use of Process, and Civil Conspiracy.   In support thereof, Plaintiffs state as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Maurlanna Braxton is an individual living in Baltimore City, Maryland.

2.      Plaintiff Brittany Scott is an individual living in Baltimore City, Maryland.

3.      Plaintiff Stephanie Gamble is an individual living in Baltimore City, Maryland.

4.      Defendant William Sheppard is an individual who professes to living in Baltimore City, Maryland.

5.      Defendant Kenneth Jackson is an individual who professes to living in Baltimore City, Maryland in numerous court filings, but actually lives at 612 Otter Creek Road, Edgewood, Maryland, 21040.

6.      Dione Rodman is an an individual who claims to be a self-employed senior paralegal.   Ms. Rodman does not work under the supervision of any attorney but researches and drafts legal documents for filing by the other Defendants.  Upon information and belief, Ms. Rodman made the determination to bring frivolous actions against Plaintiffs and drafted the complaints filed against Plaintiffs which are the basis of this action against Defendants.

7.      In each of the lawsuits referred to herein Mr. Sheppard and Mr. Jackson have sworn in the filing of their complaints that they reside at the addresses listed in Baltimore City.

8.      This Court has jurisdiction over Defendants pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), 29 U.S.C. § 215(a)(3), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

9.      Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

10.     Mr. Jackson and Mr. Sheppard owned and operated Eldorado Lounge and Four One Four, LLC d/b/a King and Diamonds nightclubs.

11.     On December 1, 2015, Plaintiffs filed a legal action against Eldorado Lounge, Inc., Mr. Kenneth Jackson, and Four One Four, LLC for violations of the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Act in the United States District Court for the District of Maryland.

12.     That federal action was assigned case number 15-cv-03661.

13.     Thereafter, Defendants filed a series of frivolous lawsuits against Plaintiffs in the Circuit Court for Baltimore City solely in retaliation for the filing of the federal complaint, and for purposes of intimidation.

14.     Defendant Sheppard filed a retaliatory lawsuit against Plaintiff Braxton on September 29, 2016, with case number 24C16005312.

15.     Defendant Sheppard filed a retaliatory lawsuit against Plaintiff Gamble on October 19, 2016, with case number 24C16005617.

16.     Defendant Sheppard filed a retaliatory lawsuit against Plaintiff Scott on November 10, 2016, with case number 24C16005930.

17.     Defendant Jackson filed a retaliatory lawsuit against Plaintiff Braxton on January 23, 2017, with case number 24C17000292.

18.     Defendant Jackson filed a retaliatory lawsuit against Plaintiff Gamble on January 31, 2017, with case number 24C17000448.

19. In each of those lawsuits against Plaintiffs, Defendants stated that the state lawsuits were filed because Plaintiffs brought the federal litigation to collect wages.

20. Defendants colluded to bring the state cause of actions by pooling resources and individuals to draft those complaints against Plaintiffs.

21. Defendant Jackson served Plaintiffs at the depositions of Plaintiffs taken with regards to the federal action.

22. In the State litigation, Defendants frivolously invented laws under which to bring causes of action in order to sue Plaintiffs.

23. Defendants brought the State lawsuits against Plaintiffs for purposes of intimidating Plaintiffs into dropping the federal litigation.

24. The lawsuits brought by Defendants against Plaintiffs were not submitted in good faith as is evidenced by the fact that the complaints in those lawsuits state that they were filed for retaliatory purposes and the fact that Defendants invented laws that do not exist for purposes of bringing those lawsuits.

25. Defendant Rodman colluded with Defendants Jackson and Sheppard to draft complaints with nonexistent law, which were filed only for purposes of retaliation.

26. Defendant Rodman advertises herself as a legal professional and has seen fit to direct the work of an attorney hired by Defendant Jackson as an individual and instruct that attorney to file only documents drafted by Defendant Rodman without editing or comment.

27. Upon information and belief, Defendant Rodman, in her proclaimed capacity as a legal professional encouraged Defendants Jackson and Sheppard to bring legal actions against Plaintiffs for purposes of intimidation and then drafted those complaints with the stated purpose

of retaliation to included fabricated, nonexistent law, to intimidate and punish Plaintiffs for bringing the federal litigation.

28.     Upon information and belief, Defendant Rodman bills Defendant Jackson a rate to perform legal services.

29.     As such, Defendants intentionally and maliciously brought frivolous actions against Plaintiffs for wrongful purposes.

30.     Moreover, Mr. Jackson and Mr. Sheppard each followed Plaintiffs to Plaintiffs' new places of employment after the filing of the federal litigation for purposes of speaking to owners and managers at those places of employment and encouraging those places of employment to terminate Plaintiffs.

31.     Plaintiffs were each terminated from their places of employment as a result of Defendants Jackson and Sheppard following Plaintiffs and encouraging owners and managers to terminated Plaintiffs.

## COUNT 1 – FLSA RETALIATION

32.     Plaintiffs herein incorporate paragraphs 1-31 as if fully set forth herein.

33.     Plaintiffs engaged in protected activity by bringing a legal action seeking unpaid wages against Defendant Kenneth Jackson, as well as clubs owned by him and Defendant Sheppard.

34.     In retaliation for bringing those claims in federal court, Defendants Jackson, Shephard, and Rodman conspired to bring frivolous actions against Plaintiffs in the Circuit Court for Baltimore City and Defendants Jackson and Shephard engaged in a conspiracy to prevent Plaintiffs from obtaining work or remaining employed.

35.     Defendants' lawsuits were frivolous on their face and included fabricated laws invented to sue under.

36.     Defendants' lawsuits were brought solely for purposes of retaliation for the federal lawsuits, as stated in Defendants' complaint, and for purposes of intimidation.

37.     Plaintiffs incurred legal fees and pain and suffering as a result of the State actions.

### COUNT 2 – STATE LAW RETALIATION

38.     Plaintiffs herein incorporate paragraphs 1-37 as if fully set forth herein.

39.     Maryland Courts interpret retaliation under the Maryland Wage and Hour Law the same as retaliation claims under the Fair Labor Standards Act.

40.     Plaintiffs engaged in protected activity by suing for wages.

41.     Defendants retaliated against Plaintiffs by filing frivolous lawsuits in State Court and interfering with Plaintiffs' ability to obtain work or maintain employment.

42.     Defendants, including Defendant Rodman, acknowledge in their complaints that the reason they filed the State Court actions was in retaliation for Plaintiffs' participation in the federal lawsuit.

### COUNT 3 – ABUSE OF PROCESS

43.     Plaintiffs herein incorporate paragraphs 1-42 as if fully set forth herein.

44.     Defendant Jackson, on collusion with Defendant Sheppard and Defendant Rodman caused process to be issued in the above indicated State actions.

45.     Defendants served Plaintiffs just before the deposition of each Plaintiff in the above referenced federal action.

46. Defendants acted to intimidate Plaintiffs as witnesses by bringing those State actions and by serving Plaintiffs at and just prior to the depositions taken by Defendant Jackson of Plaintiffs.

47. Plaintiffs were damaged as a result of Defendants' abuse of process in that Plaintiffs incurred legal fees and were intimidated at the deposition of Plaintiffs.

## COUNT 4 – MALICIOUS USE OF PROCESS

48. Plaintiffs herein incorporate paragraphs 1-47 as if fully set forth herein.

49. Defendants drafted and brought actions against Plaintiffs as indicated above.

50. The stated reasons for bringing the legal actions was in retaliation for participation in a federal action.

51. There was no probable cause to bring the complaints against Plaintiff as the above statutes prohibit retaliation against employees, the alleged harm was not incurred by Defendants, and Defendants wholly invented statutes that did not exist so that Plaintiffs would have to defend those frivolous lawsuits.

52. Defendants instituted those lawsuits with actual malice as they were brought for purposes of retaliation and intimidation.

53. Proceedings in each of those cases, have been terminated in favor of Plaintiffs and were dismissed.

54. Defendant Jackson failed to appear for the trial of his lawsuit against Plaintiff Gamble demonstrating that Jackson's claims were indefensible and had no merit.

55. Plaintiffs incurred damages in the form of intimidation before their depositions, attorneys' fees, and costs.

## COUNT 4 – CIVIL CONSPIRACY

56.     Plaintiffs herein incorporate paragraphs 1-55 as if fully set forth herein.

57.     Defendants, including Defendant Rodman, entered into a confederation to draft and file complaints against Plaintiffs for purposes of retaliation and witness intimidation.

58.     The complaints use nearly identical language and invoke the same fabricated causes of action that do not exist under any state or federal law.

59.     Defendants did file those complaints in order to retaliate against Plaintiffs and served those complaints at Plaintiffs' depositions in the above-referenced federal matter to seek to intimidate Plaintiffs.

60.     While Defendants' complaints were ultimately dismissed, Plaintiffs incurred significant costs and fees in defending against those frivolous complaints.

WHEREFORE, Plaintiffs seek damages against Defendants jointly and severally for the harm suffered as indicated herein as well as attorneys' fees and costs incurred in this matter and incurred in the defense of the State Court actions brought by Defendants and Defendant Rodman against Plaintiffs.

Respectfully submitted,

/s/

Ken C Gauvey (28464)
Law Practice of Ken C Gauvey
201 N. Charles Street
Suite 1100
Baltimore, MD 21201
410.346.2377
kgauvey@gauveylaw.com

*Attorney for Plaintiffs*

## **PLAINTIFFS' DEMAND FOR JURY TRIAL**

Plaintiffs herein demand a jury trial on all matters.

/s/_____
Ken C Gauvey
