IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURLANNA BRAXTON, et al.          :

                                    :

   v.                              :    Civil Action No. DKC 18-1946

                                    :

KENNETH JACKSON, et al.            :

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a complaint on June 27, 2018, alleging retaliation under the Fair Labor Standards Act and Maryland Wage and Hour Law, abuse of process and malicious use of process under common law, and civil conspiracy. (ECF No. 1). Plaintiffs' initial complaint named three defendants: William Sheppard, Kenneth Jackson, and Jane Doe. (*Id.*). Plaintiffs filed an amended complaint on July 16, 2018, substituting Dione Rodman ("Ms. Rodman") as defendant Jane Doe. (ECF No. 3).

Plaintiffs filed a motion to permit pre-scheduling conference discovery on September 17, 2018. (ECF No. 8). Plaintiffs' motion alleges that Ms. Rodman acted as the point of contact between the individual and corporate defendants in a prior case, Civil Action No. BPG 15-3661. (*Id.*, at 1). In that case, Mr. Russell A. Neverdon, Sr., Esq. ("Mr. Neverdon") represented corporate defendants Eldorado Lounge, Inc. and Four One Four, LLC. (*Id.*, at 2). Plaintiffs seek the court's

approval to begin discovery early and issue a subpoena to Mr. Neverdon. Plaintiffs' proposed subpoena would allow Plaintiffs to access "all communications between [Mr. Neverdon] or anyone in [Mr. Neverdon's] office and Dione Rodman referencing any of the cases attached [to Plaintiff's motion] as Exhibit A including, but not limited to, letters or correspondence sent via electronic means such as electronic mail." (ECF No. 8-4, at 1). The reason for seeking this access to Mr. Neverdon's records is to ascertain an address for Dione Rodman.

Plaintiffs purportedly hired a process server and spent 3.6 hours conducting internet research in an attempt to locate Ms. Rodman. (ECF No. 8-2, at 1). Plaintiffs are not entitled to access the broad category of information Mr. Neverdon allegedly possesses merely because Plaintiffs thus far unsuccessfully attempted to find Ms. Rodman's contact information. The motion contains no substantive information about the addresses explored, or the methods used by a process server to ascertain her whereabouts. Plaintiffs have purported to obtain service on the other defendants and more exploration of this issue can take place once they appear.

Accordingly, it is this 3rd day of October, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to permit pre-scheduling conference discovery (ECF No. 8) BE, and the same hereby IS, DENIED;

2. The Clerk is DIRECTED to transmit a copy of this Order to counsel of record.

                                                    /s/
                              DEBORAH K. CHASANOW
                              United States District Judge