IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURLANNA BRAXTON, et al.

       v.              :   Civil Action No. DKC 18-1946

KENNETH ATONIO JACKSON, et al.

**MEMORANDUM OPINION**

Presently pending in this retaliation case are: (1) motion for clerk's entry of default filed by Plaintiffs Maurlanna Braxton, Stephanie Gamble and Brittany Scott (collectively, "Plaintiffs") on October 16, 2018 (ECF No. 14); (2) motion to dismiss filed by Defendant Kenneth Jackson (ECF No. 15); (3) motion to attach missing exhibits filed by Defendant Jackson (ECF No. 17); (4) motion to dismiss filed by Defendant Dione Rodman (ECF No. 18); and (5) motion for alternative service filed by Plaintiff Braxton. The issues have been briefed (ECF No. 19), and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion for clerk's entry of default will be granted in part and denied in part; Defendant Jackson's motion to dismiss will be granted in part and denied in part; Defendant Rodman's motion to dismiss will be granted in part and denied in part; Defendant Jackson's motion to attach missing

exhibits will be denied; and Plaintiffs' motion for alternative service will be granted.

## I.    Background[1]

In a separate legal action before the United States District Court for the District of Maryland, filed on December 1, 2015, Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage Payment and Collection Act ("MWPCA") by Eldorado Lounge, Inc., Four One Four, LLC, and Defendant Jackson. (ECF No. 3).  According to Plaintiffs, Defendant William Sheppard filed individual retaliatory lawsuits against Plaintiffs Braxton, Gamble, and Scott in state court. (*Id.*).  Plaintiffs also allege that Defendant Jackson filed individual retaliatory lawsuits against Plaintiffs Braxton and Gamble in state court. (*Id.*).

As a result, Plaintiffs filed a complaint on June 27, 2018, alleging retaliation under the Fair Labor Standards Act and Maryland Wage and Hour Law, abuse of process and malicious use of process under common law, and civil conspiracy. (ECF No. 1). Plaintiffs' initial complaint named three defendants: William Sheppard, Kenneth Jackson, and Jane Doe. (*Id.*).  Plaintiffs filed an amended complaint on July 16, 2018, substituting Dione Rodman ("Ms. Rodman") as defendant Jane Doe. (ECF No. 3).

---

[1] Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Plaintiffs. Additional facts are discussed in the analysis section below.

Plaintiffs filed a motion for alternative service as to Defendants Sheppard and Jackson on September 17, 2018, seeking permission to serve Defendants Sheppard and Jackson via U.S. mail at 4100 East Lombard Street and 416 East Baltimore Street, respectively. (ECF No. 7). The motion was denied on September 17, 2018. (ECF No. 9). Plaintiffs filed a second motion for alternative service as to Defendants Sheppard and Jackson on September 18, 2018, renewing their request to serve Defendants Sheppard and Jackson via U.S. mail at 4100 East Lombard Street and 416 East Baltimore Street, respectively. (ECF No. 10). The motion was granted on September 18, 2018. Plaintiffs filed a motion to permit pre-scheduling conference discovery as to Defendant Rodman on September 17, 2018, seeking approval to ascertain Defendant Rodman's address by beginning discovery early and issuing a subpoena to one of the attorneys involved in a prior case, Mr. Russell A. Neverdon, Sr., Esq. (ECF No. 8). Plaintiffs' motion was denied on October 3, 2018. (ECF No. 13).

## II. Motion for Clerk's Entry of Default

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default."[2]

"It is axiomatic that service of process must be effective under the [Fed.R.Civ.P.] before a default . . . may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D.Md. 1996). Plaintiff bears the burden of establishing that service of process was effective. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F.Supp.3d 249, 261 (D.Md. 2015).

Plaintiffs seek clerk's entry of default against Defendants Sheppard and Jackson, arguing that "neither Defendant has responded to the [c]omplaint." (ECF No. 14, at 2). Because Defendant Jackson has now "plead[ed] or otherwise defend[ed,]" Mr. Sheppard is the only Defendant that could be subject to a clerk's entry of default. In support of their motion, Plaintiffs state that they served Defendant Sheppard "via U.S. [m]ail, [f]irst [c]lass, [p]ostage [p]repaid sent to 416 E. Baltimore Street, Baltimore, MD 21202[.]" (*Id.*, at 2). This form of alternative service was authorized by the court, and, accordingly, the clerk will be directed to enter Defendant Sheppard's default.

---

[2] A default judgment is a two-step process: first, the clerk enters a party's default and then a court determines whether judgment will be entered.

## III. Motions to Dismiss

### A.    Standards of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Finally, while courts generally should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. Haines

v. Kerner, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 F.App'x. 9 (4th Cir. 2005).

When a defendant moves to dismiss pursuant to Rule 12(b)(5), "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006); *see also* Fed.R.Civ.P. 4. "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

**B.  Defendant Jackson**

**1.  12(b)(5) Failure of Service**

Defendant Jackson argues that because Plaintiffs failed to serve him at 4100 East Lombard Street, Baltimore, MD, or to justify service after the 90 day period allotted in Fed.R.Civ.P. 4, this case should be dismissed for insufficient service of process. (ECF No. 15, at 5). On September 18, 2018, this court granted Plaintiffs' motion to permit alternative service to Defendant Jackson at that exact address. (ECF No. 11; ECF No. 10, at 4). Plaintiffs subsequently filed an affidavit of service stating that

Plaintiffs' counsel had "personally prepared and sent a copy of the summons, complaint, and motions submitted in this matter via U.S. Mail, First Class, Postage Prepaid to the follow: Kenneth Jacskon[,] 4100 East Lombard Street[,] Baltimore, MD 21224[.]" (ECF No. 12). Defendant Jackson challenges the court-approved method of service as insufficient and seeks dismissal on that ground. (ECF No. 15, at 5-10).

The parties dispute whether Mr. Jackson actually received the first class mailing at 4100 East Lombard Street. *Id*. Undisputed, of course, is the fact that Mr. Jackson received actual notice of this case, as evidenced by his filings. "When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Armco*, 733 F.2d at 1089. The Fourth Circuit has stressed both the need for liberal application of service rules, *id.*, as well as the fact that "the rules are there to be followed[.]" *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983). Plaintiffs *have* followed the rules and Defendant Jackson *has* received notice – allegedly by the very means that he has suggested Plaintiffs use. *Cf Broad. Music, Inc. v. 100 Wisteria, Inc.*, 2011 WL 3667221, at *2 (D. Md. Aug. 19, 2011); *McManus v. Harborside Properties, LLC*, 2017 WL 5153097, at *2 (Md. Ct. Spec. App. Nov. 7, 2017).

Defendant Jackson also attacks the basis for the court's order allowing alternative service, suggesting that Plaintiffs' counsel

essentially lied about efforts to serve Jackson. (ECF No. 15, at 6-7). Even accepting these allegations as true, however, dismissal – the only relief Mr. Jackson has requested – is not warranted. Jackson "has not argued that maintenance of the suit would be prejudicial," *Miller v. Baltimore City Bd. Of School Com'rs*, 833 F.Supp.2d 513, 519 (D.Md. 2011) nor has he suggested a lack of actual notice, *Syncrude Canada Ltd. V. Highland Consulting Group, Inc.*, 916 F.Supp.2d 620, 627 (D.Md. 2013) ("this Court has previously held that actual notice in some instances cures technical violations of Rule 4"). Accordingly, Defendant Jackson's motion to dismiss for failure of service will be denied.

## 2. Consideration of Exhibits and Conversion to Summary Judgment

Defendant Jackson submitted new documents in support of his motion to dismiss, including: (1) a letter dated January 29, 2017 from Plaintiffs' lawyer, Kenneth C. Gauvey ("Mr. Gauvey"), to Defendant Jackson that states Plaintiffs' demand in their original employment case (ECF No. 15-1); (2) an undated email from Mr. Gauvey to an individual named Sheryl (ECF No. 15-2); (3) an email conversation dated January 25, 2017 between Mr. Gauvey and Defendant Jackson that discusses allegations apparently advanced in Plaintiffs' original employment case (ECF No. 15-3); (4) a letter from Mr. Gauvey to Mr. Gregg Greenberg dated November 10, 2016 that alleges Mr. Greenberg was in violation of Fed.R.Civ.P.

11(b) (ECF No. 15-4); (5) proof of service dated November 11, 2016 stating that Stephanie Gamble was served in Circuit Court of Maryland for Baltimore City case no. 24-C-16-005617 (ECF No. 15-5); (6) excerpt from the deposition of Brittany Scott dated February 27, 2017 (ECF No. 15-6); (7) excerpt from the deposition of Brionna Myindia Williams dated February 27, 2017 (ECF No. 15-7); (8) various documents from Circuit Court of Maryland for Baltimore City Case No. 24-C-17-000448 dated April 14, 2016 (ECF Nos. 15-8, 15-9, 15-10, 15-11, 15-16, 15-17); (9) email from Ruby Staff to Mr. Gauvey dated September 6, 2018 discussing delivery of summons in this case; (10) images of Plaintiff Gamble's facebook page (ECF Nos. 15-13 & 15-15); and a ready post envelope addressed to Defendant Jackson at 612 Otter Creek Rd, Edgewood, Md 21040 (ECF No. 15-14).

To the extent that the attachments provided by Defendant Jackson pertain to his motion to dismiss according to Rule 12(b)(5), they were considered. As for Defendant Jackson's request to dismiss under Rule 12(b)(6), "[i]n deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint. The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action." *Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md. 2000) (citing *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir.

1998)); *see also, Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 n.5 (4th Cir. 2002) (citing *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994)). When doing so, the court need not convert a Rule 12(b)(6) motion to dismiss to one for summary judgment so long as it does not consider matters "outside the pleading." *See* Fed.R.Civ.P. 12(b) ("If [on a 12(b)(6) motion to dismiss,] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]"); *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998) (citing Rule 12(b)). "The court may consider a document submitted by the defendant in support of a motion to dismiss, however, '[if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Luy v. Balt. Police Dep't*, 326 F.Supp.2d 682, 688 (D.Md. 2004) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)).

Plaintiffs argue that Defendant Jackson's motion to dismiss cannot be treated as a motion for summary judgment because "the actual undisputed facts support Plaintiff[]s['] claims and there are substantial undisputed facts that must be investigated in discovery." (ECF No. 16, at 8). Plaintiffs' amended complaint lists case nos. 24-C-17-000292 and 24-C-17-000448 as two of the

retaliatory cases that Mr. Jackson filed against Plaintiffs. (ECF No. 3, at 3). Consequently, the case documents pertaining to Circuit Court of Maryland for Baltimore City case nos. 24-C-16-005617 and 24-C-17-000448 are incorporated and can be relied on in adjudicating Defendant Jackson's motion to dismiss. Conversely, the remaining documents appended to Defendant Jackson's motion are not mentioned or relied on in Plaintiffs' complaint. In fact, there is not even "limited quotation from or reference to [those] documents" in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)). Additionally, Defendant Jackson's motion will not be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(d) because in most cases where facts are disputed "[c]onversion[] is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Accordingly, the remaining exhibits will not be relied on in adjudicating Defendant Jackson's motion to dismiss.

### 3.   12(b)(6) Failure to State a Claim

Plaintiffs bring five counts against Mr. Jackson: 1) FLSA Retaliation, 2) State law retaliation, 3) abuse of process, 4) malicious use of process, and 5) civil conspiracy. (ECF No. 3, at 5-8).

### a. FLSA Retaliation

The elements of a retaliation claim under FLSA are: 1) plaintiff engaged in an activity protected by the FLSA; 2) plaintiff suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and 3) causal connection exists between the employee's activity and the employer's adverse action. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). Actions taken by an employer after an employee's termination – or an employee's voluntary departure – can qualify as "adverse actions" under FLSA. *Id.* at 343-44. An employer's filing of a lawsuit "with a retaliatory motive and without a reasonable basis in fact or law," likewise may qualify as an "adverse action" under FLSA. *Id.*

Plaintiffs claim that Defendants filed frivolous lawsuits against them and caused them to be terminated from subsequent employment in retaliation for Plaintiffs' bringing suit under the FLSA in December of 2015. (ECF No. 3, at 5). Plaintiffs allege that "[i]n each of those lawsuits against Plaintiffs, Defendants stated that the state lawsuits were filed because Plaintiffs brought the federal litigation to collect wages," and that "Defendants' lawsuits were frivolous on their face and included fabricated laws invented to sue under." *Id.* at 4-5.

Mr. Jackson does not contest any of the claims regarding his filing frivolous lawsuits against Plaintiffs. Plaintiffs need

not, at this stage, prove that Mr. Jackson's lawsuits were filed 1) with a retaliatory motive and 2) without a reasonable basis in fact or law.  At the motion to dismiss stage, Plaintiffs need only plausibly allege that this is the case.  *Darveau*, 515 F.3d at 343-44.

Plaintiffs have met this burden.  The case documents pertaining to Circuit Court for Baltimore City case nos. 24-C-16-005617 and 24-C-17-000448 demonstrate that Mr. Jackson filed lawsuits against Plaintiffs because, he claimed, they "Fil[ed] a Frivolous Claim" against him.  (ECF No. 16-3, at 2; ECF No. 16-4, at 1).  Likewise, the case documents demonstrate, for example, that Mr. Jackson brought a claim under the seemingly non-existent "Employment Relations Act," (ECF No. 16-3 at 8; ECF No. 16-4, at 6), and that both complaints almost entirely failed to survive a motion to dismiss.  (ECF No. 16-10; ECF No. 16-11).  Therefore, under *Darveau*, Plaintiffs have sufficiently pled their FLSA claims.  As to these claims, Defendant's motion will be denied.

### b.  State Law Retaliation

Plaintiff's next cause of action is "state law retaliation" under the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-428.  The plain language of that statute, however, does not suggest a private right of action exists for Plaintiffs' claims.  Rather, the MWHL merely states that "[a]n employer may not . . . take adverse action against an employee because the

employee . . . brings an action under this title or a proceeding that relates to the subject of this subtitle[.]" *Id*. The statute further provides that anyone who violates "any provision of this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000." *Id*. This court has previously found – albeit in an unpublished opinion - that no private right of action exists under the MWHL for retaliatory termination. *Morrison v. Crabs on Deck, LLC*, No. PWG-17-3347, 2018 WL 5113671, at *5 (D. Md. Oct. 19, 2018).

Neither Plaintiffs nor Defendant have briefed the critical issue of first impression on this claim: whether there exists an *implied* private right of action for retaliatory adverse action of the kind Defendant Jackson took against Plaintiffs. Rather than addressing this issue without the benefit of briefing, the court will deny Defendant Jackson's motion to dismiss at this stage. *See Twenty Seven Trust v. Realty Growth Investors*, 533 F.Supp 1028, 1040 n. 26 (D.Md. 1982) (declining to address uncertain viability of state law claim "without the benefit of briefing by the parties" and holding that "if the defendants wish to challenge Count IV, they may do so by motion under Rule 56[.]") Accordingly, Mr. Jackson's motion to dismiss on this count will be denied.

### c. Abuse of Process

The elements of abuse of process are: "first, that the defendant wilfully [sic] used process after it has issued in a

manner not contemplated by law; second, that the defendant acted to satisfy an ulterior motive; and third, that damages resulted from the defendants use of perverted process." *Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md.App. 504, 529 (2004). Abuse of process requires more than just an "ulterior motive" or "bad intention." *Herring v. Citizens Bank and Trust Co.*, 21 Md.App. 517, 534 (1974). The Maryland Court of Appeals' decision in *Palmer Ford, Inc. v. Wood*, 298 Md. 484, 512-13 (1984) is instructive:

> If the process is employed from a bad or ulterior motive, the gist of the wrong is to be found in the uses to which the party procuring the process attempts to put it. If he is content to use the particular machinery of the law for the immediate purpose for which it was intended, he is not ordinarily liable, notwithstanding a vicious or vindictive motive. But the moment he attempts to attain some collateral objective, outside the scope of the operation of the process employed, a tort has been consummated.

Plaintiffs allege that Mr. Jackson's "sole purpose in bringing those frivolous actions was to intimidate Plaintiffs into dropping the Wage Case in literal violation of the anti-retaliation provisions of the FLSA[.]" (ECF No. 16, at 12). Mr. Jackson is right to point out that "[a]n abuse of process claim will not survive a motion to dismiss when it is supported only by conclusory allegations regarding the Defendant's ulterior motives with no facts to support those citation," *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016).

Plaintiffs' allegations regarding Mr. Jackson's ulterior motives, however, are not conclusory. Viewed in the light most favorable to Plaintiff, the facts of the complaint render more than plausible the reality that Mr. Jackson's primary intention in filing his complaints was to intimidate Plaintiffs into dropping their FLSA claim. Indeed, Mr. Jackson's own opposition hints at this motive: in attacking Plaintiff's pleading, Mr. Jackson devotes most of his energy to attacking Plaintiff's initial complaint against him as frivolous, implying that his own motive was to convince them to drop the case. (ECF No. 15, at 18-19).

Plaintiffs have adequately pleaded their abuse of process claim and, as to this claim, Defendant Jackson's motion to dismiss will be denied.

### d.  Malicious Use of Process

Malicious use of process has five elements, all of which must be met in order to state a claim: 1) Defendant has brought a prior civil proceeding against the Plaintiff, 2) that proceeding must have been instituted without probable cause, 3) the prior civil proceeding must have been instituted by the Defendant with malice, 4) the proceeding must have terminated in favor of the Plaintiff, and 5) the Plaintiff must have suffered special damages. *One Thousand Fleet Ltd. Partnership v. Geurriero*, 346 Md. 29, 37 (1997).

Plaintiffs argue that they "suffered a special injury in being subjected to frivolous, retaliatory, illegal actions meant to intimidate them prior to their depositions, and meant to force Plaintiffs to drop the Wage case in order to avoid being subject to the threat that Defendants would pursue such pointless, frivolous, and offensive claims." (ECF No. 16, at 13). This does not qualify as "special damages." Maryland case law is explicit on this point: "The mere expense and annoyance of defending a civil action is not a sufficient special damage or injury to sustain an action for malicious prosecution." *Thousand Fleet Ltd.*, 346 Md. at 44. Plaintiffs have clearly stated that their only damages are not in fact special damages. As to this claim, then, Defendant Jackson's motion to dismiss will be granted.

**C. Defendant Rodman**

**1. 12(b)(5) Failure of Service and Motion for Alternative Service**

Defendant Rodman's motion to dismiss asserts that she has not been served, that Plaintiffs have failed to state a claim, and that their claims are barred by the doctrine of collateral estoppel. Plaintiffs do not contend that she has been served, and have renewed their motion for alternative service. Ms. Rodman now acknowledges that she is open to receipt of service at 4100 East Lombard Street, and, given the history of service attempts,

Plaintiffs will be provided an opportunity to effect service of process on her by alternative means as requested.

### 2.    12(b)(6) Failure to State a Claim

In her motion to dismiss, Defendant Rodman cites no facts and raises no arguments relating to the claims against her, but merely states the standard applicable to her motion.  As noted above, however, one of Plaintiffs' claims is pleaded inadequately.

### a.    FLSA Retaliation

Plaintiffs have pleaded sufficient facts to support their FLSA retaliation claim against Ms. Rodman.  According to Plaintiffs: "Defendant colluded with Defendants Jackson and Sheppard to draft complaints with nonexistent law, which were filed only for purposes of retaliation," (ECF No.3, at 4); Ms. Rodman "has seen fit to direct the work of an attorney hired by Defendant Jackson. . . and instruct that attorney to file only documents drafted by Defendant Rodman," *Id.*; Ms. Rodman "encouraged Defendants Jackson and Sheppard to bring legal actions against Plaintiffs for purposes of intimidation[.]  *Id*.

While *Darveau*'s language focuses on the *employer* – requiring an employee to have "suffered adverse action *by the employer*," *Darveau*, 515 F.3d at 340 – the plain language of the statute belies that focus.  § 215(a)(3), the FLSA retaliation provision, states that "it shall be unlawful for *any person* . . . to discharge or in any other manner discriminate against any employee because such

18

employee has filed any complaint[.]" *See also Arias v. Raimondo*, 860 F.3d 1185 (9th Cir. 2017) ("Congress clearly means to extend section 215(a)(3)'s reach beyond actual employers").

### b.   State Law Retaliation

As discussed above, Plaintiffs have brought a claim under a statute which does not definitively grant a private cause of action. Again though, given the total absence of briefing on this issue, the court will allow the claim to proceed. If Ms. Rodman wishes to challenge the viability of the state law retaliation claim, she may do so by motion under Rule 56.

### c.   Abuse of Process

The same facts which support Plaintiffs' FLSA retaliation claim support their abuse of process claim. Again, Defendant Rodman raises no argument, factual or legal, which in any way refute or undermine Plaintiffs' claim. For the same reasons that Plaintiffs' abuse of process claim against Defendant Jackson survives this motion, so too does their abuse of process claim against Defendant Rodman. That is, Plaintiffs have adequately pleaded that Ms. Rodman's intention – like Mr. Jackson's – in aiding Mr. Jackson in his abuse of process was to convince Plaintiffs to drop their FLSA Wage case. While Ms. Rodman did not put her name to any of the filings and was not a party to the actual case which forms the basis of Plaintiff's abuse of process claim, Plaintiffs allege that Ms. "Rodman bills Defendant Jackson

a rate to perform legal services." (ECF No. 3, at 5). Under Maryland law, legal service providers may be held liable for abuse of process in aiding their clients where the elements of the tort are otherwise met. *See, e.g.*, *Laws v. Thompson*, 78 Md. App. 665 (1989), *Cottman v. Cottman*, 56 Md.App. 413 (1983). Therefore, Defendant Rodman's motion with regard to the abuse of process claim will be denied.

### d.   Malicious Use of Process

Again, because Plaintiffs have stated in their pleadings that their only damages are not in fact special damages, Defendant Rodman's motion will be granted as to this Count.

### D.   Civil Conspiracy as to Both Defendants

Finally, Defendants Jackson and Rodman both move to dismiss Plaintiffs' claim for civil conspiracy. "Under Maryland law, civil conspiracy is defined as the combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." *Marshall v. James B. Nutter & Co.*, 758 F.3d 537, 541 (4th Cir. 2014)(internal citations and quotations omitted). In addition to proving an agreement, "the plaintiff must also prove the commission of an overt act, in furtherance of the agreement, that caused the plaintiff to suffer actual injury." *Id.* The agreement itself is not actionable under

Maryland law "but rather is in the nature of an aggravating factor" with respect to the underlying tortious conduct. *Id*. In other words, "conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176 (1995).

In this case, the underlying tortious conduct is already established: Plaintiffs' have made out a claim for the tort of abuse of process under Maryland law. The act, in this case, is the filing of the complaints against Plaintiffs. The agreement is "Defendants['] collu[sion] to bring the state cause of actions [sic] by pooling resources and individuals to draft those complaints against Plaintiffs." (ECF No. 3, at 4). The identical language of the complaints gives rise to a more than plausible inference that the Defendants colluded to engage in tortious conduct. *Id*. at 8. Both Defendant Jackson's and Defendant Rodman's motions are denied as to the civil conspiracy count.

### E.   Res Judicata and Collateral Estoppel

Both Defendants raise the issues of res judicata and collateral estoppel in their motions to dismiss. Affirmative defenses such as res judicata and collateral estoppel may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint" and when the plaintiff does not dispute the factual accuracy of the record in the previous action. *See Andrews v. Daw*,

201 F.3d 521, 524 n.1 (4th Cir. 2000) (citations and internal quotation marks omitted); *see also Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). As these affirmative defenses do not appear on the face of the complaint, "[t]hese defenses are more properly reserved for consideration on a motion for summary judgment." *Frost*, 4 F.3d at 250.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for clerk's entry of default will be granted in part and denied in part; Defendant Jackson's motion to dismiss will be granted in part and denied in part; Defendant Rodman's motion to dismiss will be granted in part and denied in part; Defendant Jackson's motion to attach missing exhibits will be denied; and Plaintiffs' motion for alternative service will be granted. A separate order will follow.

          /s/
_____
DEBORAH K. CHASANOW
United States District Judge
