IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MAURLANNA BRAXTON, et al. | : |  |
|  | : |  |
| v. | : | Civil Action No. DKC 18-1946 |
|  | : |  |
| KENNETH ATONIO JACKSON, et al. | : |  |
|  | : |  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution the Request for Entry of Default filed by Plaintiffs Maurlanna Braxton, Brittany Scott, and Stephanie Gamble. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the request for entry of default will be granted.

**I.  Background**

The underlying factual and procedural history of this case is recited in the court's September 20, 2019 Memorandum Opinion, (ECF No. 21), and will not be repeated here. In that opinion, this court granted Plaintiffs' motion for alternative service as to Defendant Dione Rodman, stating in an ensuing order that:

> Plaintiffs shall serve Defendant Dione Rodman by mailing a copy of the summons and all documents submitted in this matter via U.S. Mail, First Class, Postage Prepaid to 4100 E. Lombard Street, Baltimore, MD 21224. Service shall be effective upon mailing and will be evidenced by a Declaration of

> Counsel submitted to this Court affirming compliance with the above.

(ECF No. 22). Almost exactly one year prior, this court approved a motion for alternative service on Defendant Kenneth Jackson, allowing service by mail at the same address: 4100 E. Lombard Street, Baltimore, MD 21224. (ECF No. 11). Subsequent to each of these orders, Plaintiffs effected alternative service on each of Defendants Jackson and Rodman: Mr. Jackson on September 19, 2018, (ECF No. 12), and Ms. Rodman on October 31, 2019, (ECF No. 26).

While neither Defendant has answered the complaint, both Ms. Rodman and Mr. Jackson have filed motions to dismiss: Mr. Jackson on January 17, 2019, (ECF No. 15) and Ms. Rodman on March 7, 2019, (ECF No. 18). Each of these motions were granted in part and denied in part in the court's recent memorandum opinion. (ECF No. 21). As a result, Mr. Jackson's answer was due on October 21, 2019, and Ms. Rodman's answer was due on November 21, 2019.

**II. Clerk's Entry of Default**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "It is axiomatic that service of process must

be effective under the [Fed.R.Civ.P.] before a default ... may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). Plaintiff bears the burden of establishing that service of process was effective. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F.Supp.3d 249, 261 (D. Md. 2015). Plaintiffs have now served both Defendants Jackson and Rodman by the means of alternative service approved by this court. Therefore, there is no question that service on each Defendant was effective.

With the prerequisite of effective service established, entry of default is left to the discretion of the court. *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md.2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow*, 232 F.Supp.2d at 494–95 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), when a defendant does not answer a complaint after denial of a motion to dismiss, even when served with the request for entry of default, there really is little choice. *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421-22 (D.Md. 2005)

Defendants have been unresponsive for nearly seven months; neither Mr. Jackson nor Ms. Rodman have responded since the court addressed their motions to dismiss in September 2019. Defendants have missed their deadlines to answer by nearly four

3

and five months respectively.  As such, clerk's entry of default is warranted.

### III. Conclusion

For the foregoing reasons, the motion for clerk's entry of default filed by Plaintiffs will be granted.  A separate order will follow.

                                            /s/  
                                  DEBORAH K. CHASANOW  
                                  United States District Judge