IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURLANNA BRAXTON, et al.         :

                                               :

   v.                                     :     Civil Action No. DKC 18-1946

                                               :

KENNETH ATONIO JACKSON, et al.    :

                                               :

**MEMORANDUM OPINION**

After the clerk entered the defaults of Kenneth Jackson and Dione Rodman (ECF No. 35), and sent notices to them (ECF Nos. 36, 37), the court received (1) a response (ECF No. 38), (2) a response in opposition to motion for clerk's entry of default (ECF No. 39), and (3) a motion to strike both responses (ECF No. 40).  For the following reasons, Kenneth Jackson's response to the complaint will be construed as an answer, but he will be ordered to supplement that answer to bring it in compliance with Fed.R.Civ.P. 10(b).  His opposition to default will be construed as a motion to vacate entry of default and will be granted, as it relates to him, but not as to Ms. Rodman, and Plaintiffs' motion to strike will be denied.

**I.   Background**

A previous opinion in this matter lays out initial history to this litigation.  (ECF No. 21); *Braxton v. Jackson*, No. DKC 18-1946, 2019 WL 4573381, at *1.  On May 22, the court received two

papers by mail, dated and signed on May 20, from Mr. Jackson purporting to be a "Defendants' Response to Plaintiffs [Amended] Complaint," (ECF No. 38), and an "Opposition to Request for Default," (ECF No. 39), on behalf of both himself and Ms. Rodman. Plaintiffs Maurlanna Braxton, Stephanie Gamble, and Brittany Scott subsequently moved to strike these papers, claiming they were both deficient under Fed.R.Civ.P. 11(a) and 10(b), respectively. (ECF No. 40).

## II. Standard of Review

Judge Xinis, in a highly analogous case, succinctly laid out the relevant standard:

> A court may "set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). The United States Court of Appeals for the Fourth Circuit has announced a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* The moving party "should proffer evidence that would permit a finding for the defaulting party." *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *2 (D.Md. Jan. 3, 2013).
> 
> In determining whether to set aside an entry of default, the Court considers if the movant has a meritorious defense, acted with reasonable promptness, and bears personal responsibility for the entry of default. *See Payne ex rel. Estate of Calzada v. Brake*, 439

> F.3d 198, 203 (4th Cir. 2006). The Court also must consider if the delay of proceedings caused any prejudice to the non-moving party, any history of dilatory action, and the availability of lesser sanctions short of default judgment. *See id.; see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

*Kihn v. Vavala*, No. 8:18-cv-02619-PX, 2019 WL 2492350, at *2 (D.Md. June 14, 2019) (granting Defendant's motion to vacate entry of default and denying Plaintiff's motion to strike Defendant's belated answer).

**III. Discussion**

Although Mr. Jackson's papers purport to be filed on behalf of both himself and Ms. Rodman, they are only signed by Mr. Jackson, and were mailed solely by and from Mr. Jackson as per the return address. (*See* ECF No. 38-2). The rules do not permit an individual to be represented by someone other than an attorney, and all papers filed on behalf of an unrepresented individual must be signed by that person. Fed.R.Civ.P. 11(a). If Ms. Rodman wishes to file anything on her own behalf, even by signing and filing papers already filed by Mr. Jackson, she may do so. At present, however, the papers can only be considered as they relate to Mr. Jackson.

The notice to Mr. Jackson told him that he had thirty days to "file a motion to vacate the order of default." With the three days added for service by mail, the papers were timely. The

3

"opposition to default" can be construed as a motion to vacate the order of default given that it both objects to default by citing to Fed.Civ.P. 55(b)(2) and requests the case be allowed to proceed to discovery.

Plaintiffs' motion to strike Mr. Jackson's "Response to Plaintiffs Complaint" complains that this pleading is deficient in that it fails to comply with Fed.R.Civ.P. 10. In particular, this rule states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). Here Plaintiffs' complaints are more substantive as "Mr. Jackson has limited his response to an improper understanding of legal procedure resulting in a rambling string of gibberish wholly unrelated to the complaint." (ECF No. 40, at 2-3).

Mr. Jackson's response/answer is a hard-to-follow, seeming to rehash numerous details from the state court proceedings not currently before this court and containing musings that seem entirely divorced from, and nonresponsive to, Plaintiffs' complaint here.[1] That said, striking a pleading is an extreme

---

[1] In his "Opposition to Default," Mr. Jackson "requests that this Honorable Court allow Defendants [] a leave of court to retrieve the State Court transcripts . . . [so] there are no hidden shocks with new information that would motivate additional litigation." (ECF No. 39, at 3). Insofar as such transcripts are relevant to Mr. Jackson's potential defenses, he may attempt to secure them during any eventual discovery process but, at this

4

sanction to impose, particularly when a *pro se* filing is involved. The motion to strike Mr. Jackson's response to the complaint will be denied, but Mr. Jackson will be ordered to file a supplement to his response to the complaint that fits the format laid out in Fed.R.Civ.P. 10(b), including numbered paragraphs that detail singular claims or defenses as they relate and respond specifically to the numbered allegations set out in Plaintiffs' amended complaint. (ECF No. 3). The motion to strike as to both papers will be denied.

Properly viewed as a motion to vacate, Mr. Jackson's opposition to request for default motion demonstrates "good cause" for setting aside the clerk's entry of default. Fed.Civ.P.R. 55(c). Mr. Jackson argues that entry of default against him would frustrate the basic requirements of due process that promise the right to be heard. (ECF No. 39, at 4) (quoting *Mullane v. Cent. Hanover Bank & Tr., Co.*, 339 U.S. 306, 314 (1950)). "The Defendants have a meritorious defense because they have not committed the acts alleged in the complaint and in no way attempted to retaliate against the Plaintiffs." Moreover, Mr. Jackson argues that Plaintiffs will not "suffer any prejudice" in denying an entry of default, "especially when the Plaintiffs have failed to request

---

juncture, the court has no power to compel their production nor is
the court's leave necessary if Mr. Jackson wishes to attempt to
retrieve them from state court himself.  (*See* ECF No. 39, at 3).

any [specific] amount of damages." (*See generally* ECF No. 1). Mr. Jackson argues that "Defendant in no way had intentions in defaulting; the Defendants responded with motions to dismiss . . . and the Defendants were awaiting a scheduling order."[2]

Mr. Jackson has denied the allegations which, along with the arguments advanced in his earlier motion to dismiss, shows that he at least proports to have a meritorious defense. Such defenses must be made clear in the supplemental answer ordered of Mr. Jackson, however.[3]

Mr. Jackson has offered some explanation for his failure to file, namely that he was simply "awaiting a scheduling order" because he was unaware of the federal rules. The court need not delve too deeply into analyzing his inaction here as "moving under Rule 55(c) . . . does not require a finding of excusable delay." It is enough that such a delay is seemingly rational, here for one

---

[2] Mr. Jackson also asks the court to consider "Defendants prior statements in their motions to dismiss as the standing response for the Defendants" if his request for transcripts from the state proceedings is denied. Mr. Jackson's motion will be considered insofar as it shows his effort and willingness to appear before this court in defending himself against Plaintiffs' allegations. It, however, will not be construed as an answer to the complaint as discussed below.

[3] Mr. Jackson's argument that "the defendants cannot fully defend themselves fairly" "until the plaintiffs provide more specific information about their place of employment and the timeframe in which these events was [sic] supported to have occurred" is without merit at relates to a motion to vacate. Such concerns can be addressed in discovery.

6

unfamiliar with federal court, and Plaintiffs fail to demonstrate bad faith.  "Thus, while [Defendant] 'may have been somewhat at fault' for [his] failure to timely respond to the Complaint, this fact alone [does] not mandate denial" of the motion.  *Id.* at *2-*3 (quoting *Wainright's Vacations, LLC v. Pan Am. Airways Corp*, 130 F.Supp.2d 712, 720 (D.Md. 2001)).  The motion to vacate the entry of default as to Mr. Jackson will be granted.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to strike will be denied, and Defendant Kenneth Jackson's motion in "Opposition to Request for Default" will be granted as a motion to vacate the entry of default against him.  The motion to vacate as it relates to Ms. Rodman will be denied.  She will be granted thirty days to file her own motion to vacate.  Mr. Jackson's response to the complaint will be considered, but he is ordered to file a supplemental answer within thirty days.  A separate order will follow.

                                                /s/
                              DEBORAH K. CHASANOW
                              United States District Judge