IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURLANNA BRAXTON, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 18-1946 |
| | : | |
| KENNETH ANTONIO JACKSON, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Plaintiffs filed a motion to compel on July 19, 2021, seeking discovery responses from Defendants Kenneth Jackson and Dionne Rodman. (ECF No. 49). To date, Defendants have neither filed a response in opposition to Plaintiffs' motion to compel nor responded to Plaintiffs' requests for discovery.

According to the motion to compel, Defendants Kenneth Jackson and Dionne Rodman failed to respond to Plaintiffs' interrogatories and requests for the production of documents which were mailed on May 13 and emailed on June 21, 2021. Although Plaintiffs made efforts to secure Defendants' responses, Defendants have not complied.

A party is obligated to respond to written discovery requests in a timely fashion. Fed.R.Civ.P. 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper

> notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

In determining the proper sanction, a district court applies a four-factor test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the

2

>particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.
>
>Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default.  In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates*, *Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (internal citations omitted). Defendants Kenneth Jackson and Dionne Rodman are reminded that a party is obligated to respond to all discovery requests in a timely fashion and they will be ordered to provide full and complete responses by August 20, 2021.

/s/
DEBORAH K. CHASANOW
United States District Judge

3